## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFF MARTIN, | | |
| **Plaintiff,** | | **8:13CV341** |
| vs. | | |
| **ADVANCE STORES COMPANY, INC., d/b/a ADVANCE AUTO PARTS,** | | **FINDINGS AND RECOMMENDATION** |
| **Defendant.** | | |

This matter comes before the court on the plaintiff's Motion to Remand (Filing No. 9). The plaintiff filed a brief (Filing No. 10) in support of the motion. The defendant filed a brief (Filing No. 12), with evidence attached[1] (Filing No. 12-1) in opposition to the motion. The plaintiff did not file a reply.

### BACKGROUND

This case arises out of the employment relationship between the parties. **See** Filing No. 1-1 - Complaint. The defendant, who operates a retail service store in Bellevue, Nebraska, employed the plaintiff from November 1, 2011, until his termination on April 29, 2013, as a Retail Service Pro. **Id.** ¶¶ 6, 15. The plaintiff alleges that in August 2012 a female co-worker made inappropriate sexual comments and propositions to the male employees, including the plaintiff. **Id.** ¶ 8. When the plaintiff complained about the conduct to the store's general manager, he was told to call a company hotline. **Id.** ¶ 9. He did not call the hotline, but he did encourage others to call. **Id.** The plaintiff alleges that on January 16, 2013, the plaintiff injured his back when he was carrying a car battery as part of his job. **Id.** ¶ 11. The defendant opposes paying the plaintiff's workers compensation claim. **Id.** ¶ 12. The defendant terminated the plaintiff while he was working on modified duty due to his injury. **Id.** ¶ 18. The plaintiff alleges the defendant gave untrue reasons for his termination, including insubordination and inappropriate client contacts. **Id.** ¶¶ 16-17. The plaintiff alleges "[t]hat other similarly situated co-workers who complained about Margie Hoover's inappropriate sexual

---

[1] Counsel is reminded any evidence shall be filed as an index of evidence separately from other filings. **See** NECivR 7.1(b)(2).

conduct who were not treating for work injuries and who had not filed for workers compensation benefits were not terminated." *Id.* ¶ 19. Based on these facts, the plaintiff alleges the defendant discriminated against him for opposing inappropriate sexual conduct (Count 1), for filing a workers' compensation claim (Count 2), or for being an injured worker (Count 3). *Id.* at 2. In addition to a reference to the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. 48-1114, in Count 1, the plaintiff generally alleges the "defendant willfully and recklessly discriminated against [him] in violation of his constitutional rights in all three counts of discrimination." *Id.* at 3. The plaintiff seeks an "award [of] back pay, front pay, compensatory damages and punitive damages. . . ." *Id.* The plaintiff does not state a specific amount of damages. *Id.* The defendant denies liability. **See** Filing No. 13 - Answer.

The plaintiff filed his lawsuit on October 23, 2013, in the District Court of Sarpy County, Nebraska. **See** Filing No. 1-1 - Complaint. On November 22, 2013, the defendant removed the case to the United States District Court for the District of Nebraska. **See** Filing No. 1 - Notice of Removal. The defendant alleges this action is removable pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. **See id.** ¶ 3. On December 2, 2013, the plaintiff filed the instant motion to remand arguing this court lacks jurisdiction because the defendant has failed to produce any evidence to sustain its burden the claim meets the amount in controversy requirement. **See** Filing No. 10 - Brief p. 1. Additionally, the plaintiff argues a state court forum will allow for a speedier resolution of the matter with broader discovery and the subject matter is primarily a state concern as it relates to a worker's compensation claim. *Id.* at 4-5. For the reasons set forth below, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied.[2]

---

[2] The court is entering this Findings and Recommendation in this matter due to the recommended dismissal of a party and in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008), *Stefanik v. City of Holyoke*, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:

## ANALYSIS

The court must look to a federal statute to determine if an action was properly removed to federal court.  The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The defendant removed this action based on diversity jurisdiction.  The United States District Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a).  The parties do not dispute the parties are citizens of different states.  The plaintiff is a resident of Nebraska and the defendant is a Virginia corporation with its principal place of business in Roanoke, Virginia.  **See** Filing No. 1 - Notice of Removal ¶ 8; Filing No. 1-1 - Complaint ¶¶ 1-2.  Accordingly, the court need only determine whether the amount in controversy requirement has been met.  "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction [by a preponderance of the evidence]; all doubts about federal jurisdiction must be resolved in favor of remand[.]"  *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted); **see also** *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

---

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion.  Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss.  The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517.  **Accord** *First Union Mortg. Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A).  On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases).  The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

When, as in the instant matter, damages are not fully specified in the state court complaint, the removing party "has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); *Keene Corp. v. United States*, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) ("It is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal."). "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . .'" *Bell*, 557 F.3d at 958. When a defendant satisfies the burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount. *See Hargis*, 674 F.3d at 789-90. A plaintiff might meet that burden by citing a state law or a binding stipulation which limits the plaintiff's recovery of damages.

In this case, the face of the complaint does not state a specific amount of damages. **See** Filing No. 1-1. The plaintiff contends the defendant has wholly failed to present any facts or actual evidence in support of the amount in controversy. **See** Filing No. 10 - Brief p. 1-3, 5. Further, the plaintiff argues the matter is a state concern better resolved by the state court, which would also allow for more discovery and a faster resolution of the matter. *Id.* at 4-5.

The defendant argues the type of damages sought by the plaintiff in the complaint are such that a fact-finder might legally conclude the damages exceed $75,000. **See** Filing No. 12 - Response p. 1. Specifically, the defendant shows that based on the plaintiff's earnings at the time of his termination, the plaintiff earned $11.30 per hour and regularly worked forty hours a week. **See** Filing No. 1-2 Brownrigg

Aff. ¶¶ 4-5.  The defendant notes the plaintiff's lost wages through the date of removal total $13,108.  **See** Filing No. 1 - Notice of Removal ¶ 7(g).  The defendant argues, assuming trial occurs at least 18 months after the plaintiff's termination, the plaintiff's total back wages would equal $48,364.  **Id.** ¶ 7(h); **see** Filing No. 12 - Response p. 4. Additionally, the defendant argues the plaintiff may reasonably seek front pay on his claim for retaliatory termination for at least one year.  **See** Filing No. 12 - Response p. 5. If front pay were awarded for a one-year period, the plaintiff would be entitled to $23,504.  **Id.**  Moreover, the plaintiff seeks attorney's fees, which are recoverable for violations of NFEPA.  **See *Rasmussen v. State Farm Mut. Auto. Ins. Co.***, 410 F.3d 1029, 1031 (8th Cir. 2005) (noting "statutory attorney fees count toward the jurisdictional minimum calculation").  Finally, the defendant contends the plaintiff may reasonably seek damages based on his claims for compensatory and punitive damages.  **Id.** at 5. The defendant argues with the front and back pay estimates exceeding $70,000, the remaining damages, even if they amounted to only one percent of the back pay damages, when taken together, well exceed the jurisdictional requirement.

The plaintiff does not attempt to show his claims do not exceed $75,000, but states the plaintiff's back pay would amount to roughly $13,108 at the time of removal. **See** Filing No. 10 - Brief p. 2-3.  The court evaluates the amount of the controversy based on the allegations in the complaint at the time of removal.  By distinction, the amount of damages are calculated by determining whether a plaintiff's verdict might reasonably and legally exceed $75,000.  ***Clark v. Matthews Int'l Corp.***, 639 F.3d 391, 396 (8th Cir. 2011) ("Generally, the 'relevant period' [for back-pay] runs from the date of termination until the date of reinstatement or judgment."); ***Walker v. Lanoga Corp.***, No. 06-0148CV-W-FJG, 2006 WL 1594451, at *2 (W.D. Mo. June 9, 2006) (determining the defendant had adequately established the amount in controversy would exceed the jurisdictional minimum when the back pay damages were $35,000 "as of the date of removal" and could then be combined with the other alleged damages including front pay and emotional damages).  "The amount in controversy in a wrongful discharge suit, then, includes what the plaintiff would have earned but for the termination of his employment, even if those sums had not yet become due at the time of removal." ***Lowe v. Sears Holding Corp.***, 545 F. Supp. 2d 195 (D. N.H. 2008) (**citing *Hardemon v. City**

5

*of Boston*, 144 F.3d 24, 26-27 (1st Cir. 1998) and **White v. FCI USA, Inc.**, 319 F.3d 672, 675-76 (5th Cir. 2003)).  Accordingly, "it is necessary to determine the expected duration of litigation in deciding the overall amount in controversy" because "for an unlawful termination claim, the damages for back pay are calculated from the date of termination to the date of judgment."  **Lucas v. Ultima Framingham LLC**, No. 1:12CV12380, 2013 WL 5405668, at *4 (D. Mass. Sept. 27, 2013).

The assertions in the initial pleadings and attached evidence permit the court to find it is more likely than not that the amount in controversy exceeds $75,000.  The amount of the plaintiff's back pay can reasonably be estimated near $48,000.  Similarly, a fact finder might legally conclude the plaintiff's claims are valued near $23,000 in front pay with some amount for compensatory damages and statutory attorney's fees.  Under the circumstances, the defendant has met its burden.  Consequently, based on federal diversity statutes and the attending case law, jurisdiction appears proper in United States District Court.  Therefore, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied.  Upon consideration,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Motion to Remand (Filing No. 9) be denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 31st day of December, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

6